DOWNEY BRAND LLP
ELIZABETH B. STALLARD (Bar No. 221445)
JENNIFER L. WILLIAMS (Bar No. 261037)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: 916.444.1000
Facsimile: 916.444.2100
estallard@downeybrand.com
jwilliams@downeybrand.com

Attorneys for Plaintiff
RONALD W. HOFER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| RONALD W. HOFER,<br><br>    Plaintiff,<br><br>v.<br><br>GRAIL SEMICONDUCTOR, INC.; NIRO, HALLER, AND NIRO, LTD.; RAYMOND NIRO; DONALD STERN; ROBERT STERN; and RICHARD GILBERT,<br><br>    Defendants. | Case No. 2:15–CV–02207–MCE–EFB<br><br>**DECLARATION OF ELIZABETH B. STALLARD IN SUPPORT OF <u>EX PARTE</u> MOTION FOR TEMPORARY RESTRAINING ORDER (TRO)**<br><br>**F.R.C.P. 65; L.R. 231** |

I, Elizabeth Stallard, declare:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am also a partner at the law firm Downey Brand LLP, the attorney of record for Plaintiff Ronald W. Hofer. I have personal knowledge of the facts stated in this declaration, except for those facts stated upon information and belief. I believe all these facts to be true, and I would testify to them if called upon to do so.

**IRREPARABLE HARM**

2. Mr. Hofer retained my firm on or about October 12, 2015. I attended a Special Meeting of Grail Semiconductor, Inc.'s ("Grail") Board of Directors (the "Board") on October

14, 2015. During that meeting, Mr. Hofer, as CEO, notified Raymond Niro with the law firm Niro, Haller, and Niro, Ltd. ("Niro") in writing that its contingent fee agreement violated California law. Mr. Hofer also exercised Grail's option to void the Niro Agreement, and asked to meet and confer with Niro regarding a reasonable fee to be paid for Niro's services.

3. Shortly before 10 am the following morning, as required by the California Rules of Court, I notified the Board and Niro, through their counsel, that Mr. Hofer intended to file an *ex parte* application the next day, Friday, October 16, 2015, to intervene in the Mitsubishi Litigation and protect his interest in any recovery in the action.

4. I attended the hearing on Mr. Hofer's *ex parte* application on October 16, 2015. Just before the hearing, when Grail handed me its written opposition to the application and supporting declarations, I learned from reviewing those documents that the settlement proceeds had been paid by Mitsubishi and that Grail had dismissed the lawsuit against Mitsubishi with prejudice that morning. I believe that Grail's counsel did not file the dismissal until after I filed a portion of my *ex parte* papers but before the hearing, as the copy attached as an exhibit to the opposition papers handed to me while I was in line to file my papers had no court stamp, but Grail presented a copy with a court stamp at the hearing.

5. As a result of the filing of the request for dismissal, the state court concluded that it might lack jurisdiction to consider Mr. Hofer's request and denied the *ex parte* application, further indicating that if Mr. Hofer wanted this issue addressed, he needed to do so by way of a noticed motion.

6. As mentioned above, Grail filed and served an opposition to Mr. Hofer's *ex parte* application the morning of the hearing, in which it explained that Grail's Board of Directors unanimously voted to repudiate and rescind Mr. Hofer's letter to Niro, that the Board approved a contingent fee payment to Niro, that the payment had already been made, and that a request for dismissal had been filed. A true and correct copy of Grail's opposition is attached hereto as **Exhibit A**. As also mentioned above, the request for dismissal attached to the opposition is not stamped by the Court.

7. Grail also filed and served a declaration by Timothy A. Charshaf, corporate counsel for Grail, in support of its opposition to Mr. Hofer's *ex parte* application. Mr. Charshaf's declaration confirms that the Board of Directors voted unanimously to confirm that Hofer did not have authority to draft or deliver the letter to Niro voiding the Niro Agreement. A true and correct copy of Mr. Charshaf's declaration is attached hereto as **Exhibit B**.

8. Later that same day, I wrote a letter to counsel for Grail, Niro, and Mitsubishi asking for their availability for purposes of scheduling a hearing date on Hofer's Motion to Intervene.

9. The following day, Saturday, October 17, 2015, Mr. Gilbert noticed a Special Meeting of the Board, to take place the afternoon of Monday, October 19, 2015. The Notice requested that Mr. Hofer, as well as Grail's Chief Financial Officer, Brad Woods, be available to be contacted by the Board either during or after the meeting.

10. On Monday, October 19, 2015, I sent a letter to Niro and to GKC, the two entities with higher priority pursuant to the Priority Agreement and that Grail had likely already paid. The letter indicated that Mr. Hofer was providing notice that both Niro and GKC should hold any funds belonging to Grail, and not distribute such funds.

11. The following day, on October 20, 2015, counsel for GKC responded by way of its counsel, indicating via email that the funds it had received from Grail had already been distributed to its investors and were no longer in its possession. GKC's counsel further stated that it was holding no funds in trust for Grail, and did not otherwise owe Grail any money.

12. On October 20, 2015, Niro also responded, stating in a letter that "any funds being held in our client trust account are being held for our client Grail Semiconductor, Inc., and will be transferred at Grail's direction, not Mr. Hofer's. You should, therefore, address any creditor or other claims Mr. Hofer allegedly has to Grail's Board of Directors."

13. The next day, October 21, 2015, Grail's corporate counsel notified me in writing that by "unanimous" resolution passed at the special board meeting held on October 19, 2015, the Board "revoke[d] any and all corporate powers and authority of Messiers Hofer and Woods may have relating to Grail until such further notice from the Board."

14. Despite confirming the Board's termination of all of Mr. Hofer's authority as Grail's CEO, the letter further claimed "the Board has not terminated Messiers Hofer and Woods' employment with the company – the resolution is to revoke their corporate powers and authority as indicated."

**NOTICE**

15. At approximately 1:00 p.m. on Friday, October 23, 2015, I e-mailed Tim Charshaf, general counsel for Grail. I informed him of the intent to proceed with the motion, the nature of the relief requested, and the date when the motion would be filed.

16. At approximately 1:00 p.m. on Friday, October 23, 2015, I e-mailed Raymond Niro, of Niro, Haller, and Niro. I informed him of the intent to proceed with the motion, the nature of the relief requested, and the date when the motion would be filed.

17. At approximately 1:00 p.m. on Friday, October 23, 2015, I e-mailed Paul Aronowitz, counsel for Richard Gilbert. I informed him of the intent to proceed with the motion, the nature of the relief requested, and the date when the motion would be filed.

18. At approximately 1:00 p.m. on Friday, October 23, 2015, I e-mailed John Oehmke, counsel for Donald Stern. I informed him of the intent to proceed with the motion, the nature of the relief requested, and the date when the motion would be filed.

19. At approximately 1:00 p.m. on Friday, October 23, 2015, I e-mailed Edward Klein, counsel for Robert Stern. I informed him of the intent to proceed with the motion, the nature of the relief requested, and the date when the motion would be filed.

20. A true and correct copy of my correspondence providing notice is attached hereto as **Exhibit C**. Earlier this morning, I was contacted by Richard Gilbert via email, on which Mr. Charshaf, Mr. Klein, and Mr. Oehmke were copied, forwarding me copies of the complaint and its exhibits, along with the civil cover sheet. As such, I have no doubt that they know this lawsuit was filed yesterday, and have had an opportunity to review the Complaint.

///

///

///

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 23rd day of October 2015 at Sacramento, California.

*/s/ Elizabeth B. Stallard*
ELIZABETH B. STALLARD

1424290.3

5

STALLARD DECLARATION ISO <u>EX PARTE</u> MOTION FOR TEMPORARY RESTRAINING ORDER (TRO)