1  DOWNEY BRAND LLP
   ELIZABETH B. STALLARD (Bar No. 221445)
2  JENNIFER L. WILLIAMS (Bar No. 261037)
   621 Capitol Mall, 18th Floor
3  Sacramento, CA  95814-4731
   Telephone:     916.444.1000
4  Facsimile:     916.444.2100
   estallard@downeybrand.com
5  jwilliams@downeybrand.com

6  Attorneys for Plaintiff
   RONALD W. HOFER

7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                      SACRAMENTO DIVISION

11

|  |  |
|---|---|
| 12  RONALD W. HOFER, | Case No. 2:15−CV−02207−MCE−EFB |
| 13              Plaintiff, | **JOINT STATUS REPORT AND RULE 26(f) DISCOVERY PLAN** |
| 14  v. | |
| 15  GRAIL SEMICONDUCTOR, INC.; NIRO, HALLER, AND NIRO, | |
| 16  LTD.; RAYMOND NIRO; DONALD STERN; ROBERT | JUDGE:      Hon. Garland E. Burrell, Jr. |
| 17  STERN; and RICHARD GILBERT, | |
| 18              Defendants. | |
| 19 | |

20        Plaintiff RONALD W. HOFER ("Plaintiff") and Defendants GRAIL

21  SEMICONDUCTOR, INC.; NIRO HALLER, AND NIRO LTD.; RAYMOND NIRO and

22  RICHARD GILBERT (collectively "Defendants") submit the following Joint Status Report

23  and Rule 26(f) Discovery Plan to the Court:

24  **(a)       Brief summary of the claims:**

25        Plaintiff's Summary:

26        Plaintiff was hired in 2010 to act as Grail Semiconductor, Inc.'s ("Grail") CEO. He

27  was hired to help keep the financially struggling Grail operational and secure the necessary

28  funding it needed in order to continue to pursue its multi-million dollar lawsuit against

DOWNEY BRAND LLP

1  Mitsubishi pending in Santa Clara County Superior Court.

2  Richard Gilbert, Robert Stern, and Donald Stern are Grail's Board of Directors.

3  Raymond Niro, along with his firm Niro, Haller, and Niro, represented Grail in the Mitsubishi

4  litigation, executed the Priority Agreement referenced below, and received the settlement

5  proceeds from Mitsubishi on behalf of Grail.  Plaintiff also alleges in the Complaint that Mr.

6  Niro, along with Mr. Gilbert, made various fraudulent representations and/or omissions to

7  Plaintiff related to Plaintiff's entitlement to payment, upon which Plaintiff relied to his

8  detriment.

9  Pursuant to both Plaintiff's Employment Agreement and a separate Priority

10  Agreement, in return for Plaintiff's services he was to receive a percentage of the proceeds

11  from any settlement reached with Mitsubishi. Grail initially obtained a $124 million dollar

12  judgment against Mitsubishi at trial. After appeal, Mitsubishi's liability was confirmed, and

13  all that was left was a retrial on the calculation of damages, which was set to begin in late

14  October, 2015.

15  In early October 2015, Mitsubishi and Grail participated in a settlement conference

16  and reached a settlement. Although this settlement was finalized in October 2015, and

17  Defendants have admitted that they received payment from Mitsubishi, Defendants have not

18  paid Plaintiff the amounts to which he is entitled, whether pursuant to either of these two

19  written contracts or pursuant to their obligations under both federal and state law. Grail's

20  Board of Directors has also taken over the daily management of Grail, kept Plaintiff wholly

21  uninformed about Grail's operations, and taken away all of Plaintiff's authority as CEO,

22  which Plaintiff alleges constitutes a constructive termination.

23  Plaintiff's Complaint asserts various federal and state law claims related to this

24  misconduct.

25  <u>Defendant Grail Semiconductor's Summary:</u>

26  Plaintiff's Complaint alleges eleven (11) claims for relief against defendants, eight of

27  which are directed at Grail Semiconductor. Grail Semiconductor contends that the first, third,

28  fourth and sixth claims fail to state a claim upon which relief can be granted and has filed a

DOWNEY BRAND LLP

motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Moreover, because the first claim for relief is the sole basis for this Court's jurisdiction, and because that claim fails as a matter of law, Grail Semiconductor has also moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). As for the merits of Plaintiff's claims against it, Grail Semiconductor denies Plaintiff's claims and contends that Plaintiff acted in contravention of his duties to the corporation, including in connection with the Mitsubishi litigation seeking to ensure that his "claim" to a portion of the settlement proceeds was protected by attempting to leverage for personal gain his perceived role as a "necessary" signatory to the settlement agreement. Further, once Grail and Mitsubishi had reached a deal, Plaintiff's self-interest led him to take the extraordinary step of unilaterally seeking to void Grail's fee agreement with its attorneys without the approval of Grail's Board of Directors in an effort to try to free up more settlement proceeds to be paid to him personally.  When Grail's Board learned of this unauthorized effort it took immediate steps to undo Plaintiff's action before it caused harm to the company. Later, the Board revoked Plaintiff's powers as CEO so that he could cause no further harm to Grail since it was clear at that point that he did not have Grail's best interests in mind.  When advised of the Board's action, Plaintiff filed suit the next day claiming his employment with Grail had been constructively terminated.

<u>Defendant Richard Gilbert's Summary:</u>

On May 1, 2015, just a few months before this action was instigated, defendant Richard Gilbert, working full-time in Alternative Dispute Resolution since 1994, accepted a request by Grail Semiconductors shareholders, to act as a disinterest neutral director on Grails Board, which, at that time, consisted of Grails founders and shareholders, defendants Donald and Robert Stern. Grail's sole operation for the last several years was litigation against Mitsubishi in Santa Clara County Superior Court. When litigation concluded in October 2015 through a negotiated settlement sum, Grail's Board set about negotiating with Grail's secured creditors to maximize Grail's ability to satisfy all of its creditors with the settlement sum. Despite being an unsecured creditor at best, Plaintiff was displeased that Grail's Board did not

DOWNEY BRAND LLP

1  immediately give him all the money he claimed due from the settlement sum. When Plaintiff

2  did not receive everything he wanted for himself, he took several actions well outside the

3  scope of his authority and not in the best interest of Grail. The Board then curtailed him from

4  taking further such actions. In retaliation and threat, Plaintiff sued the company, each member

5  of the Board individually and Grail's attorney.

6       In the Complaint, Mr. Gilbert individually has been accused by Plaintiff of violating

7  the FLSA, violating FEHA, unfair business competition and fraud. Mr. Gilbert not only

8  denies all of Plaintiff's allegations, he has moved the Court to dismiss the Complaint pursuant

9  to Federal Rules of Procedure 12(b)(1) and 12(b)(6). Mr. Gilbert's motion has been taken

10  under submission. Plaintiff has failed to allege the essential elements of any of these causes of

11  action, but most importantly, Plaintiff has failed to state facts sufficient for federal subject

12  matter jurisdiction.

13       <u>Defendants Raymond Niro and Niro, Haller and Niro, Ltd.'s Summary:</u>

14       Defendants Raymond Niro and Niro, Haller and Niro, LTD. have filed a Motion to

15  Dismiss the complaint against them on the basis that the court does not have subject matter

16  jurisdiction over any claim against them.  Their Motion to Dismiss has been taken under

17  submission by the court.

18  **(b)     Status of service of process on parties not yet served:**

19       Defendants Donald Stern and Robert Stern, who both live abroad, have not yet been

20  served. Counsel for Plaintiff has contacted counsel for both of these defendants in order to

21  determine if counsel will accept service on their behalf.

22       Defendants Niro, Haller and Niro, Ltd. and Raymond Niro filed a motion to dismiss

23  the Complaint before they were served with same, which Plaintiff believes constitutes a

24  waiver of service.

25  **(c)     Possible joinder of additional parties:**

26       The parties do not anticipate joining additional parties at this time. The parties agree

27  that the deadline for any joinder of additional parties be 90 days from entry of the Court's

28  scheduling order.

**(d)    Anticipated amendment of the pleadings:**

All Defendants participating in the preparation of this Report have pending motions to dismiss the Complaint, and no Defendants have answered the Complaint. As such, at this time it is unknown whether any amendments to the pleadings will be required.

**(e)    The statutory basis for jurisdiction and venue:**

Plaintiff contends this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and venue is proper under 28 U.S.C. § 1391(a). Defendants dispute this contention and have filed motions to dismiss for lack of subject matter jurisdiction.

**(f)    Anticipated discovery and exchange of information:**

(1)    No discovery is currently outstanding. The parties to this Report agree to make their initial disclosures under Rule 26 on or before **January 27, 2016**.

(2)    The parties to this Report anticipate conducting discovery on the claims made in the Complaint and on the defenses identified by Defendants in their answers. At this time the parties do not believe discovery needs to be conducted in phases or limited to any particular issues.

(3)    At this time the parties to this Report agree that the limitations on discovery in the Federal Rules of Civil procedure do not need to be altered or changed. However, the parties are aware that confidentiality or privilege issues may arise during discovery due to the nature of the parties' relationships, and may seek a stipulated protective order or otherwise need to address such issues in the future.

(4)    The parties are continuing to confer in order to determine the extent of any electronically stored information (ESI) subject to discovery and how such information should be produced. However, the parties do not currently anticipate any problems with respect to this issue.

**(g)-(h) Scheduling of future proceedings:**

The parties suggest the following dates.

Initial expert disclosures:        **November 9, 2016**

Rebuttal expert disclosure:       **December 9, 2016**

DOWNEY BRAND LLP

Deadline to complete discovery:      **February 10, 2017**

Deadline to file dispositive motions: **March 10, 2017**

Final Pre-trial Conference:      **June 5, 2017**

Trial:          **August 7, 2017**

**(i)      Estimate of days of trial, and whether any party has demanded a jury:**

The parties to this Report anticipate that trial will last ten days. Plaintiff has demanded a jury trial. As of the filing of this Report, no Defendant has demanded a jury.

**(j)      Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. 636(c):**

The parties to this Report do not anticipate the need for any special procedures. The parties do not agree to try the matter before a magistrate judge.

**(k)      Proposed modification of standard pretrial procedures due to the special nature of the case:**

At this time, the parties to this Report do not anticipate any such modification other than as already stated.

**(l)      Whether the case is related to any other case, including any matter involving bankruptcy.**

At this time, the parties to this Report are aware of no such related case.

**(m)      Prospects for settlement, including whether a settlement conference should be scheduled:**

The parties to this Report agree to the scheduling of a settlement conference.

**(n)      Any other matters that may be conducive to the just and expeditious disposition of the case, including whether the parties will stipulate to the trial judge acting as settlement judge**

The parties do not agree to the trial judge acting as settlement judge. The parties to this Report are aware of no such other matters at this time.

/ / /

/ / /

JOINT STATUS REPORT AND RULE 26(F) DISCOVERY PLAN

DOWNEY BRAND LLP

DATED:  December 28, 2015          DOWNEY BRAND LLP


                                   By:    /s/ Elizabeth B. Stallard
                                        ELIZABETH B. STALLARD
                                        Attorney for Plaintiff
                                        RONALD W. HOFER

DATED:  December 28, 2015          ARONOWITZ SKIDMORE LYON


                                   By:    /s/ Kathleen C. Lyon
                                        (as authorized on 12/28/15)
                                        KATHLEEN C. LYON
                                        Attorney for Defendant
                                        RICHARD GILBERT

DATED:  December 28, 2015          WILKE FLEURY


                                   By:    /s/ Thomas G. Redmon
                                        (as authorized on 12/28/15)
                                        THOMAS G. REDMON
                                        Attorney for Defendants
                                   RAYMOND NIRO and NIRO, HALLER,
                                        AND NIRO, LTD.

DATED:  December 28, 2015          BOUTIN JONES


                                   By:    /s/ Robert D. Swanson
                                        (as authorized on 12/28/15)
                                        ROBERT D. SWANSON
                                        Attorney for Defendant
                                        GRAIL SEMICONDUCTOR, INC.

DOWNEY BRAND LLP